**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| AKIVA MILLER, | Civil Action Number: |
| Plaintiffs, | **CIVIL  ACTION** |
| | **CLASS ACTION COMPLAINT** |
| -against- | **AND** |
| | **DEMAND FOR JURY TRIAL** |
| VANTAGE SOURCING, LLC and MRS BPO, LLC | |
| Defendants. | |

Plaintiff AKIVA MILLER (hereinafter, "Plaintiff"), a New York resident, brings this class action complaint by and through his attorneys, Varacalli & Hamra, LLP, against Defendants VANTAGE SOURCING, LLC and MRS BPO, LLC (hereinafter "Defendants"), individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

**JURISDICTION AND VENUE**

1. The Court has jurisdiction over this class action under 28 U.S.C. § 1331, 15 U.S.C. § 1692 *et seq.* and 28 U.S.C. § 2201. If applicable, the Court also has pendent jurisdiction over the state law claims in this action pursuant to 28 U.S.C. § 1367(a).

2. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

1

## NATURE OF THE ACTION

3.  Plaintiff brings this class action on behalf of a class of New York consumers seeking redress for Defendants' illegal practices, in connection with the collection of a debt allegedly owed by Plaintiff in violation of the Fair Debt Collection Practices Act, 15

    U.S.C. § 1692, *et seq*. ("FDCPA").

4.  Defendants' actions violated § 1692 *et seq*. of Title 15 of the United States Code, commonly referred to as the "FDCPA," which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

5.  Plaintiff is seeking damages, and declaratory and injunctive relief.

## PARTIES

6.  Plaintiff is a natural person and a resident of the State of New York, and is a "consumer" as defined by 15 U.S.C. §1692(a)(3).

7.  Defendant Vantage was a collection agency with its principal place of business in Taylor, AL.

8.  Defendant MRS BPO recently acquired Defendant Vantage.

9.  Defendant MRS BPO is a collection agency with its principal place of business in Cherry Hill, NJ.

10. Defendants are companies that use the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

11. Defendants are "debt collectors," as defined by the FDCPA under 15 U.S.C. § 1692a(6).

## CLASS ALLEGATIONS

10. Plaintiff brings claims, pursuant to the Federal Rules of Civil Procedure (hereinafter "FRCP") Rule 23, individually and on behalf of the following nationwide consumer class (the "Class"):

- The class consists of all persons whom Defendant Vantage records reflect resided in the State of New York and who were sent a collection letter in substantially the same form letter as the letter sent to the Plaintiff on or about November 20, 2017; and (a) the collection letter was sent to a consumer seeking payment of a personal debt purportedly owed to Verizon Wireless; and (b) the collection letter was not returned by the postal service as undelivered; (c) and Plaintiff asserts that the letter contained violations of 15 U.S.C. §§ 1692e, and 1692g.

- The Class period begins one year to the filing of this Action.

11. The Class satisfies all the requirements of Rule 23 of the FRCP for maintaining a class action:

- Upon information and belief, the Class is so numerous that joinder of all members is impracticable because there are hundreds and/or thousands of persons who have received debt collection letters and/or notices from Defendant that violate specific provisions of the FDCPA. Plaintiff is complaining of a standard form letter and/or notice that was sent to hundreds of persons (*See* **Exhibit A,** except that the undersigned attorney has, in accordance with Fed. R. Civ. P. 5.2 partially redacted the financial account numbers in an effort to protect Plaintiff's privacy);

- There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member. These common questions of law and fact include, without limitation:

  a. Whether Defendant violated various provisions of the FDCPA;

  b. Whether Plaintiff and the Class have been injured by Defendant's conduct;

  c. Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendants' wrongdoing and if

3

so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and

    d.    Whether Plaintiff and the Class are entitled to declaratory and/or injunctive relief.

- Plaintiff's claims are typical of the Class, which all arise from the same operative facts and are based on the same legal theories.

- Plaintiff has no interest adverse or antagonistic to the interest of the other members of the Class.

- Plaintiff will fairly and adequately protect the interest of the Class and has retained experienced and competent attorneys to represent the Class.

- A Class Action is superior to other methods for the fair and efficient adjudication of the claims herein asserted. Plaintiff anticipates that no unusual difficulties are likely to be encountered in the management of this class action.

- A Class Action will permit large numbers of similarly situated persons to prosecute their common claims in a single forum simultaneously and without the duplication of effort and expense that numerous individual actions would engender. Class treatment will also permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein. Absent a Class Action, class members will continue to suffer losses of statutory protected rights as well as monetary damages. If Defendant's conduct is allowed proceed to without remedy they will continue to reap and retain the proceeds of their ill-gotten gains.

- Defendants have acted on grounds generally applicable to the entire Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

## ALLEGATIONS PARTICULAR TO AKIVA MILLER

12. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "11" herein with the same force and effect as if the same were set forth at length herein.

13. The aforesaid obligation arose out of a transaction in which money, property, insurance or services, which are the subject of the transaction, are primarily for personal, family or household purposes.

14. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) of the FDCPA.

15. Defendants are "debt collectors" as defined by 15 U.S.C. § 1692a(6) of the FDCPA.

16. At a time known only to Defendants, Verizon Wireless directly or through an intermediary, contracted Defendant Vantage to collect on its alleged debt.

17. In its effort to collect on the Verizon Wireless alleged obligation, Defendant Vantage contacted Plaintiff by written correspondence on November 20, 2017. ("**Exhibit A**").

18. Defendant Vantage's written correspondence to Plaintiff is a "communication" as defined by 15

    U.S.C. § 1692a(2).

19. As set forth in the following Counts, Defendants communication violated the FDCPA.

**First Count**
**Violation of 15 U.S.C. § 1692g**
**Validation of Debts**

20. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "19" herein with the same force and effect as if the same were set forth at length herein.

21. 15 U.S.C. § 1692g provides that within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing certain enumerated information.

22. One such request is that the debt collector provide "the name of the creditor to whom the debt is owed." 15 U.S.C. § 1692g(a)(2).

23. A debt collector has the obligation not just to convey the name of the creditor to whom the debt is owed, but also to convey such clearly.

24. A debt collector has the obligation not just to convey the name of the creditor to whom the debt is owed, but also to state such explicitly.

25. Merely naming the creditor without specifically identifying the entity as the current creditor to whom the debt is owed is not sufficient to comply with 15 U.S.C. § 1692g(a)(2).

26. Even if a debt collector conveys the required information, the debt collector nonetheless violates the FDCPA if it conveys that information in a confusing or contradictory fashion so as to cloud the required message with uncertainty.

27. When determining whether the name of the creditor to whom the debt is owed has been conveyed clearly, an objective standard, measured by how the "least sophisticated consumer" would interpret the notice, is applied.

28. Defendant's letter fails to explicitly identify the name of the creditor to whom the debt is owed.

29. Defendant's November 20, 2017 letter states: "Verizon Wireless Account #"

30. Indeed, Defendant's letter fails to identify any entity or individual as a "creditor" to whom the debt is owed.

31. The letter goes on to state "We are currently working with Verizon Wireless to aid in the resolution of the above listed account."

32. "Verizon Wireless," even if meant as the creditor to whom the debt is owed, is not specific enough to apprise Plaintiff of the identity of the creditor to whom the debt is owed.

33. There is no entity named "Verizon Wireless" registered with the New York State Department of State, Division of Corporations.

34. Conversely, there are four (4) entities registered in New York that contain "Verizon Wireless" in their legal name.

35. The least sophisticated consumer would likely be uncertain as to who the creditor is.

36. Defendant failed to explicitly state the name of the creditor to whom the debt is owed.

37. Defendant failed to clearly state the name of the creditor to whom the debt is owed.

38. The least sophisticated consumer would likely be confused as to the creditor to whom the debt is owed.

39. The least sophisticated consumer would likely be uncertain as to the creditor to whom the debt is owed.

40. Defendants have violated § 1692g as it failed to clearly and explicitly convey the name of the creditor to whom the debt is owed.

41. Defendants could have taken the steps necessary to bring its actions within compliance with the FDCPA, but neglected to do so and failed to adequately review its actions to ensure compliance with the law.

## Second Count
## Violation of 15 U.S.C. § 1692e
## False or Misleading Representations as to the Name of the
## Creditor to Whom the Debt is Owed

43. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "42" herein with the same force and effect as if the same were set forth at length herein.

44. 15 U.S.C. § 1692e prohibits a debt collector from using any false, deceptive, or misleading representation or means in connection with the collection of any debt.

45. While § 1692e specifically prohibits certain practices, the list is non-exhaustive, and does not preclude a claim of falsity or deception based on any non-enumerated practice.

46. Collection notices are deceptive if they can be reasonably read to have two or more different meanings, one of which is inaccurate.

47. The question of whether a collection letter is deceptive is determined from the perspective of the "least sophisticated consumer."

48. For purposes of 15 U.S.C. § 1692e, the failure to clearly and accurately identify the creditor to whom the debt is owed is unfair and deceptive to the least sophisticated consumer.

49. Because the collection letter in the instant case is reasonably susceptible to an inaccurate reading, as described above, it is deceptive within the meaning of 15 U.S.C. § 1692e.

50. The least sophisticated consumer would likely be deceived by Defendant's conduct.

51. The least sophisticated consumer would likely be deceived in a material way by Defendant's conduct.

52. Defendant has violated § 1692e by using a false, deceptive and misleading representation in its attempt to collect a debt.

**Third Count**
**15 U.S.C. § 1692g**
**Failure to Adequately Convey the Amount of the Debt**

53. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "52" herein with the same force and effect as if the same were set forth at length herein.

54. 15 U.S.C. § 1692g provides that within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing certain enumerated information.

55. One such requirement is that the debt collector provide "the amount of the debt." 15 U.S.C. § 1692g(a)(1).

56. A debt collector has the obligation not just to convey the amount of the debt, but also to convey such clearly.

57. The written notice, to comply with 15 U.S.C § 1692g(a)(1), must sate whether interest, late fees and/or other fees are accruing.

58. The written notice, to comply with 15 U.S.C § 1692g(a)(1), must allow the least sophisticated consumer to determine the minimum amount he or she owes at the time of the notice.

59. The written notice, to comply with 15 U.S.C § 1692g(a)(1), must allow the least sophisticated consumer to determine what he or she will need to pay to resolve the debt at any given moment in the future.

60. The failure to include the foregoing information renders an otherwise accurate statement of the "amount of debt" violative of 15 U.S.C § 1692g(a)(1).

61. Defendant's letter lists that the "Balance Due: $752.69."

62. However, a following letter dated January 22, 2018, shows that balance was raised to $820.43. ("**Exhibit B**").

63. Defendant's letter fails to explain that there would be a difference between the amount of the alleged debt from the first letter dated November 2017 and the second letter in dated January 2018.

64. Further, the letter fails to include any "safe harbor" language concerning the accrual of interest and/or fees. *Avila v. Riexinger & Associates, LLC,* 817 F.3d 72. 76 (2d Cir. 2016).

65. The letter fails to advise Plaintiff of the amount of potential interest charges that may accrue.

66. The letter fails to advise Plaintiff of the amount of potential collection fees.

67. The letter fails to advise Plaintiff of the amount of money the "Balance Due" will increase per day.

68. The letter fails to advise Plaintiff of the amount of money the balance as of the date of the letter will increase per week.

69. The letter fails to advise Plaintiff of the amount of money the balance as of the date of the letter will increase per month.

70. The letter fails to advise Plaintiff of the amount of money the balance as of the date of the letter will increase in any measurable period.

71. The letter, because of the aforementioned failures, would render the least sophisticated consumer unable to determine the amount of his or her debt.

72. Plaintiff's contract with Verizon states that interest, late fees, and collection fees will be added.

73. The least sophisticated consumer could reasonably believe that the debt could be satisfied by remitting the "Balance Due: $752.69" at any time after the receipt of the letter.

74. The least sophisticated consumer could also reasonably believe that the balance was accurate only on the date of the letter because of the continued accumulation of fees, interest, or other charges.

75. If collection fees are continuing to accrue, the least sophisticated consumer would not know how to satisfy the debt because the letter fails to indicate the amount of applicable and/or possible collection fees.

76. For these reasons, Defendant failed to clearly state the amount of the debts.

77. For these reasons, Defendant failed to unambiguously state the amount of the debts.

78. The least sophisticated consumer would be confused as to how she could satisfy the debt.

79. The least sophisticated consumer will be confused as to what he actually owes.

80. For these reasons, the letters would likely make the least sophisticated consumer uncertain as to the amount of the debt.

81. For these reasons, the letters would likely make the least sophisticated consumer confused as to the amount of the debt.

82. Defendants violated 15 U.S.C. § 1692g as it failed to clearly, explicitly and unambiguously convey the amount of debt.

## **PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff demands judgment against Defendants as follows:

(a)    Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative and Jaclene Troisi, Esq. as Class Counsel;

(b)    Awarding Plaintiff and the Class statutory damages;

(c)    Awarding Plaintiff and the Class actual damages;

(d)    Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

(e)    Awarding pre-judgment interest and post-judgment interest; and

(f)    Awarding Plaintiff and the Class such other and further relief as this Court may deem just and proper.

Date: November 20, 2018

Respectfully submitted,

By: */s/ Jaclene Troisi*
Jaclene Troisi, Esq.
Varacalli & Hamra, LLP
*Attorney for Plaintiff*
32 Broadway, Suite 1818
New York, New York 10004 (646) 590-0571

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

Date: November 20, 2018

*/s/ Jaclene Troisi*
Jaclene Troisi, Esq.